UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| K.B. by guardian Suzanne Blade-Thompson, SUZANNE BLADE-THOMPSON, and JAMES BLADE,<br>            Plaintiffs,<br><br>    v.<br><br>SAMUEL FIES, SCHOOL TOWN OF HIGHLAND, and RONALD W. FRAZIER,<br><br>            Defendants. | CAUSE NO.: 2:17-CV-474-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Defendant School Town of Highland's Motion for Leave to File Under Seal and Response to the Court Order Dated May 5, 2020 [ECF No. 109]. Granting the motion in part, the Court ORDERS both Defendant Ronald W. Frazier and Defendant School Town of Highland to refile certain documents in accordance with this Order.

**BACKGROUND**

This case was originally filed in the Lake County, Indiana, Circuit Court. On December 18, 2017, the presiding judge ordered that all papers must refer to the first-named plaintiff by her initials K.B. and that any documents, exhibits, transcripts, recordings, etc. filed with the court shall be redacted to protect the identity of K.B.'s name. *See* ECF No. 1-2, p. 2.

After the case was removed, the Court entered an Order [ECF No. 9] on January 4, 2018, directing that all future filings must use the initials K.B. for the Plaintiff in both the caption and throughout the document and that any exhibits containing K.B.'s full name must be redacted before being filed on the electronic docket. The Court warned that the failure to comply would result in the court striking the filing.

In light of that Order, the School Town of Highland filed under seal its Brief in Support of Its Motion for Summary Judgment, its Appendix and Statement of Material Facts in Support of Its Motion for Summary Judgment, and twenty exhibits. *See* ECF No. 105. However, Local Rule 5-3(a) provides that documents may not be maintained "under seal unless authorized to do so by statute, court rule, or court order." N.D. Ind. L.R. 5-3(a). Therefore, the Court ordered the School Town of Highland to file a motion for leave to file under seal explaining which documents, if any, should be filed under seal and whether the filing of an unsealed, redacted brief would be sufficient. May 5, 2020 Order, ECF No. 108. The School Town of Highland filed the instant motion, and the Plaintiffs filed a response.

Also at issue are four filings by Defendant Ronald Frazier in which he failed to redact K.B.'s full name from the caption—his Motion for Summary Judgment [ECF No. 106], Exhibit Designation of Evidence [ECF No. 106-1], Affidavit [ECF No. 106-2], and Memorandum in Support of Motion for Summary Judgment [ECF No. 107].

**ANALYSIS**

In the instant motion, the School Town of Highland submits that the protection of filing under seal is not needed at this stage of the litigation and proposes that only those documents that specifically reference K.B. by her full name should remain under seal. In addition, the School Town of Highland suggests that the continued reference to K.B. by her initials is no longer appropriate because K.B. is past the age of majority and has not shown exceptional circumstances warranting her continued anonymity. In response, the Plaintiffs request that K.B.'s initials continue to be used in the caption and throughout any document filed in the record and that exhibits containing her full name be redacted prior to filing because she has alleged in the complaint that she is the victim of a sex crime.

"[A]nonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Id.* (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Chicago*, 360 F.3d 667, 669–70 (7th Cir. 2004)). The use of a fictitious name is warranted in certain situations such as "protecting the identities of 'children, rape victims, and other particularly vulnerable parties.'" *Id.* at 377 (citing *Blue Cross*, 112 F.3d at 872). When a person is known to be a minor, Federal Rule of Civil Procedure 5.2 requires that only initials be used to identify the minor in court documents. Fed. R. Civ. P. 5.2(a)(3).

At the time of the events underlying the Complaint, K.B. was a minor of less than eighteen years of age. Compl. ¶ 15, ECF No. 6, During the years 2010 and 2011, K.B. was a special needs student in the School Town of Highland with known mental disabilities and handicaps. *Id*. ¶ 17. During that time period, Defendant Samuel Fies was a teacher and athletic coach with the School Town of Highland and taught K.B. *Id.* ¶ 18. The Complaint alleges that, during that time period, Fies pursued a wrongful relationship with K.B. through a dating website, knowing that K.B. was one of his minor students. *Id*. at 20–21. Fies contacted K.B. through text messages, picture messaging, telephone calls, and internet instant messaging services and the communications included sexually explicit text messages. *Id*. at 22–23.

Recognizing that K.B. is now an adult, the Court nevertheless finds that exceptional circumstances exist for K.B. to proceed anonymously based on the combination of her age at the time of the underlying events, her particularly vulnerable status as a person with mental

disabilities, and the sexual nature of Fies alleged exploitation of her. In its motion, the School Town of Highland does not identify any prejudice it would suffer from K.B. proceeding anonymously. Thus, the Court finds that exceptional circumstances outweigh the public policy in favor of identified parties and that there is no prejudice to the opposing parties. As a result, the Court orders that K.B. will continue to be identified throughout this litigation by her initials. Any documents containing her name that are filed with the Court must be redacted to replace her full name with the initials "K.B."; the documents are to be filed on the public docket, not under seal.

## CONCLUSION

Accordingly, the Court GRANTS in part and DENIES in part the Defendant School Town of Highland's Motion for Leave to File Under Seal and Response to the Court Order Dated May 5, 2020 [ECF No. 109]. The Court ORDERS that the first-named plaintiff will continue to be referred to by the initials K.B. and that any documents, exhibits, transcripts, recordings, etc. filed with the Court shall be redacted to protect the identity of K.B.'s name.

The Court DIRECTS the Clerk of Court to (1) UNSEAL Docket Entries 105, 105-1, 105-3, 105-5, 105-7, 105-8, 105-9, 105-10, 105-11, 105-13, 105-14, and (2) to STRIKE Docket Entries 105-2, 105-4, 105-6, 105-12, 105-15, 105-16, 105-17, 105-18, 105-19, and 105-20.

The Court ORDERS the Defendant School Town of Highland to re-file, on or before March 23, 2021, redacted versions of the current exhibits at DE 105-2, 105-4, 105-6, 105-12, 105-15, 105-16, 105-17, 105-18, 105-19, and 105-20 with K.B.'s full name redacted and replaced with the initials "K.B." each time it occurs throughout those documents.

The Court further STRIKES Defendant Ronald Frazier's Motion for Summary Judgment [ECF No. 106], Exhibit Designation of Evidence [ECF No. 106-1], Affidavit [ECF No. 106-2], and Memorandum in Support of Motion for Summary Judgment [ECF No. 107] and ORDERS

Defendant Frazier to refile on or before March 23, 2021, those same documents with no alterations other than with K.B.'s full name redacted and replaced with the initials "K.B." in the caption. The Court ORDERS that the Plaintiff's Response to Ronald Frazier Summary Judgment [ECF No. 112] will stand as to the refiled documents and no further briefing will be permitted on the motion.

    SO ORDERED on March 16, 2021.

                                            s/ Theresa L. Springmann
                                            JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT